IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02586-BNB

JOSHUA SUTTON, and
ISHA ROBERTS,

    Plaintiffs,

v.

ISHA ROBERTS,
DANIEL MARIANO,
PETER WIEDMEYER,
DEBRA TOTA,
DEBRAH ROMANO,
MASON KATE,
MARILYN GIFFORD,
GARY WYBERG,
BILL THIEBOUT,
ATELLE JONES, and
JEFF CHOSTNER,

    Defendants.

ORDER DIRECTING PLAINTIFF SUTTON TO FILE AMENDED COMPLAINT
AND DISMISSING PLAINTIFF ROBERTS

    Plaintiff Joshua Sutton is in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado.  Mr. Sutton, along with Plaintiff Isha Roberts, initiated this action by filing *pro se* a Prisoner Complaint that challenges an incident that happened on August 25, 2012, in which they allegedly were abused by the City of Pueblo police and falsely charged will assaulting a police officer.  Only Mr. Sutton submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and signed the Complaint form.  The Court reviewed the Complaint and the § 1915 Motion, determined the filings were deficient,

and directed both Plaintiffs to cure the deficiencies. Specifically, the Court directed Mr. Sutton to submit a certified account statement that covers the six-month period immediately preceding the filing of this action. The Court also directed Ms. Roberts to sign the Complaint and to submit her own § 1915 motion.

On October 16, 2014, Mr. Sutton submitted a certified account statement that covers the six months immediately preceding the filing of this action and has been granted leave to proceed pursuant to 28 U.S.C. § 1915. Ms. Roberts, however, has failed to comply with the September 18, 2014 Order within the time allowed. She, therefore, will be dismissed from this action.

The Court must construe Mr. Sutton's Complaint liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Sutton will be directed to file an Amended Complaint.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Court has reviewed the Complaint and finds that Mr. Sutton fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Sutton's claims are conclusory and vague and fail to state how each named defendant violated his rights.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Mr. Sutton an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Mr. Sutton is required to assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Sutton must show in the

Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, to state a claim in federal court Mr. Sutton must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Finally, the Court has determined that Mr. Sutton has filed two other prisoner

complaints, *Sutton v. Thiebout, et al.*, No. 14-cv-02579-BNB (D. Colo. Filed Sept. 17, 2014), and *Sutton v. Van Leeuwen et al.*, No. 14-cv-2379-BNB (D. Colo. Filed Aug. 27, 2014), that address the same incident Mr. Sutton has identified in this case. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted). The Amended Complaint Mr. Sutton is directed to file in this case must not be repetitious of the cause of action he states in Case No. 14-cv-02579-BNB or in Case No. 14-cv-02379-BNB. Accordingly, it is

ORDERED that Ms. Roberts is dismissed from this action for failure to cure deficiencies and to prosecute. It is

FURTHER ORDERED that **within thirty days from the date of this Order**, Mr. Sutton shall file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Mr. Sutton shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint. It is

FURTHER ORDERED that if Mr. Sutton fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED October 27, 2014, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court